PROb 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**

FILED
CLERK U.S DISTRICT COURT

MAR 31 2008

CENTRAL DISTRICT OF CALIFORNIA
BY ~~Central~~                    DEPUTY

DOCKET NUMBER *(Tran. Court)*

CR04-00566-RSWL

DOCKET NUMBER *(Rec. Court)*

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Elridge Walker | Central | California |

NAME OF SENTENCING JUDGE

Honorable Ronald S.W. Lew

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | 01/11/08 | 01/10/2013 |

OFFENSE

21:846 and 841 (a)(1): Conspiracy To Possess With Intent to Distribute Controlled Substance

JUDGE LEINENWEBER
MAGISTRATE JUDGE KEYS

**08CR 0161**

FILED
J APR 0 7 2008
4-7-08
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____Central_____ DISTRICT _____California_____

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____Northern District of Illinois_____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

Feb 7, 2008
*Date*

_____
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____Northern_____ DISTRICT OF _____Illinois_____

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

FEB 2 0 2008

_____
*Effective Date*

_____
*United States District Judge*



MICHAEL W. DOBBINS

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS 60604

**March 3, 2008**

312-435-5698

Ms. Sherri R. Carter
Clerk
United States District Court
G-8 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012-4701

Dear Clerk:

**Re:**   US v Elridge Walker

Our case number:  - 08 cr 161

Dear Clerk:

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding Elridge Walker, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address. Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by:

Yvette Pearson,  Deputy Clerk

Enclosure



**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**F I L E D**

APR 0 7 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

April 2, 2008

Clerk, United States District Court
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street, 20th Floor
Chicago, IL 60604

Re:   Transfer of Our Case No.  CR 04-566 RSWL

Assigned Your Case No.  08-CR-0161

Case Title:  United States of America v. Elridge Walker

Dear Sir/Madam:

☐   Enclosed are the original and one copy of Probation Form 22, Transfer of Jurisdiction, in the above-entitled matter which has been approved by this court.  Please present them to your court for approval.

Upon approval, please return the **original** to this office and we will send you the necessary documents from our file.  If you assign a case number at this time, please indicate same on the copy of this letter and return that also.

☒   Transfer of probationary jurisdiction to your district having been approved in the above-entitled matter, enclosed are the certified copies of:  1) indictment/information, and 2) judgment and probationary order.

Please acknowledge receipt of these documents on the copy of this letter and return to this district.

Sincerely,

Clerk, U.S. District Court

By  G. Kami
Deputy Clerk

cc:   Probation Office, Central District of California
Probation Office, District of Origin

===============================================================================
**Acknowledgment of Receipt**

Receipt is hereby acknowledged of the enclosures referred to above.

Clerk, U.S. District Court

By _____

_____          _____
Date                                    Deputy Clerk

CR-22 (01/01)          **TRANSMITTAL LETTER - PROBATION TRANSFER OUT**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CRIMINAL DOCKET FOR CASE #: 2:04-cr-00566-RSWL-1

Case title: USA v. Walker
Magistrate judge case number: 2:04-mj-00992

Date Filed: 05/14/2004
Date Terminated: 11/09/2006

Assigned to: Judge Ronald Lew

### Defendant

**Eldridge Walker, Jr** (1)
*TERMINATED: 11/09/2006*

represented by **Carlton F Gunn**
Federal Public Defenders Office
321 East 2nd Street
Los Angeles, CA 90012-4206
213-894-2854
Email:
zzCAC_FPD_Document_Receiving@fd.org

*TERMINATED: 09/10/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

i hereby attest and certify on 4/2/08
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

By _____ Deputy

0101

**Garo B Ghazarian**
Garo B Ghazarian Law Offices
15915 Ventura Blvd, Ste 203
Encino, CA 91436
818-905-6484
Email: gbglaw@sbcglobal.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

### Pending Counts

None

### Highest Offense Level (Opening)

None

### Terminated Counts

21:846: CONSPIRACY TO
POSSESS WITH INTENT TO

### Disposition

### Disposition

Bureau of Prisons for 51 Months. Special
assessment of $100. All fines waived.
Supervised release for 5 years. Defendant

DISTRIBUTE AND TO
DISTRIBUTE COCAINE
(1)

21:841: POSSESSION WITH
INTENT TO DISTRIBUTE
COCAINE
(2)

shall comply with the terms and conditions
of the Probation Office and General Order
318.

The governments motion to dismiss Count 2
of the Indictment and the underlying
complaint is Granted by the Court.

**Highest Offense Level
(Terminated)**

Felony

**Complaints**                              **Disposition**

Dft in viol of 21:846 [ 2:04-m -992 ]

---

**Plaintiff**

USA                          represented by **Jeffrey Backhus**
                                            AUSA - Office of US Attorney
                                            Criminal Div - US Courthouse
                                            312 N Spring St, 12th Floor
                                            Los Angeles, CA 90012-4700
                                            213-894-2434
                                            Email: USACAC.Criminal@usdoj.gov
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **William A Crowfoot, II**
                                            AUSA - Office of US Attorney
                                            Criminal Div - US Courthouse
                                            312 N Spring St, 12th Floor
                                            Los Angeles, CA 90012-4700
                                            213-894-2434
                                            Email: USACAC.Criminal@usdoj.gov
                                            *TERMINATED: 05/27/2004*
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/03/2004 | 5 | NOTICE DIRECTING Defendant To Appear for Preliminary Hearing and for Arraignment on Indictment/Information filed as to Eldridge Walker Jr. [ 2:04-m -992 ] (es) (Entered: 05/04/2004) |
| 04/30/2004 | 2 | REPORT COMMENCING CRIMINAL ACTION as to Eldridge Walker Jr arrested on 4/29/04 Defendant's date of birth: 9/13/66. [ 2:04-m -992 ] (es) (Entered: 05/04/2004) |

| 04/30/2004 | 1 | COMPLAINT filed against Eldridge Walker Jr in violation of 21:846, 841(a)(1). Approved by Magistrate Judge Rosalyn M. Chapman . [ 2:04-m -992 ] (es) Modified on 05/04/2004 (Entered: 05/04/2004) |
| 04/30/2004 | 3 | NOTICE OF REQUEST FOR DETENTION filed by USA as to Eldridge Walker Jr. [ 2:04-m -992 ] (es) (Entered: 05/04/2004) |
| 05/03/2004 | 4 | MINUTES OF ARRAIGNMENT ON MAGISTRATE COMPLAINT held before Magistrate Judge Victor B. Kenton as to Eldridge Walker Jr: Defendant arraigned and states true name is as charged. First appearance of Eldridge Walker Jr entered. DFPD Attorney Carlton F Gunn appointed. Court orders Eldridge Walker Jr detained. Defendant committed to the custody of the U. S. Marshal. Preliminary hearing set for 4:30pm, 5/17/04 and post indictment arraignment set for 8:30am, 5/24/04 for Eldridge Walker Jr. Tape No.: 04-05 [ 2:04-m -992 ] (es) (Entered: 05/04/2004) |
| 05/03/2004 | 6 | ORDER OF DETENTION by Magistrate Judge Victor B. Kenton as to Eldridge Walker Jr (cc: all counsel) [ 2:04-m -992 ] (es) (Entered: 05/04/2004) |
| 05/03/2004 | 7 | FINANCIAL AFFIDAVIT filed as to Eldridge Walker Jr [ 2:04-m -992 ] (es) (Entered: 05/04/2004) |
| 05/14/2004 | 27 | INDICTMENT filed against Eldridge Walker (1) count(s) 1, 2, Pamela D Wilcher-Herron (2) count(s) 1, 3, Gloria Jeanette Slayton (3) count(s) 1, 4 filed by AUSA William Crowfoot. Offense occurred in LA. (ca) (Entered: 05/17/2004) |
| 05/14/2004 | 30 | CASE SUMMARY filed by AUSA William Crowfoot, attorney for USA, as to Eldridge Walker Jr. Defendant's date of birth: 9/13/66. (ca) (Entered: 05/17/2004) |
| 05/14/2004 | 31 | MEMORANDUM filed by USA as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Jeanette Slayton seeking authority for an investigative action and being filed on 5/14/04, does not relate to, a mtr pending in the Narcotic Section of the US Atty's Ofc before April 20, 1999, the date on which Magistrate Judge Jeffrey W. Johnson resigned his appt in that ofc; or was personally involved or on which he was personally consulted while employed in the US Atty's Ofc. (ca) (Entered: 05/17/2004) |
| 05/14/2004 | 32 | MEMORANDUM filed by USA as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Jeanette Slayton seeking authority for an investigative action and being filed on 5/14/04, does not relate to, a mtr pending in the Organized Crime Section of the US Atty's Ofc before September 29, 2000, the date on which Magistrate Judge Stephen G. Larson resigned his appt in that ofc; or was personally involved or on which he was personally consulted while employed in the US Atty's Ofc. (ca) (Entered: 05/17/2004) |
| 05/14/2004 | 33 | MEMORANDUM filed by USA as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Jeanette Slayton seeking authority for an |

| | | |
|---|---|---|
| | | investigative action and being filed on 5/14/04, does not relate to, a mtr pending in the Major Frauds Section of the US Atty's Ofc before June 30, 2001, the date on which Magistrate Judge Jennifer T. Lum resigned his appt in that ofc; or was personally involved or on which he was personally consulted while employed in the US Atty's Ofc. (ca) (Entered: 05/17/2004) |
| 05/14/2004 | 34 | MEMORANDUM filed by USA as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Jeanette Slayton seeking authority for an investigative action and being filed on 5/14/04, does not relate to, a mtr in Magistrate Judge Patrick J. Walsh was personally involved or on which he was personally consulted while employed in the US Atty's Ofc. (ca) (Entered: 05/17/2004) |
| 05/14/2004 | 35 | MEMORANDUM filed by USA as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Jeanette Slayton. This criminal action, being filed on 5/14/04, was not pending in the U.S. Attorney's Office before 11/2/92, the date on which U.S. District Judge Lourdes G. Baird began receiving criminal matters. (ca) (Entered: 05/17/2004) |
| 05/14/2004 | 36 | MEMORANDUM filed by USA as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Jeanette Slayton. This criminal action, being filed on 5/14/04, was not pending in the U.S. Attorney's Office before 12/22/98, the date on which U.S. District Judge Nora M. Manella began receiving criminal matters. (ca) (Entered: 05/17/2004) |
| 05/24/2004 | 37 | MINUTES OF POST-INDICTMENT ARRAIGNMENT HEARING held before Magistrate Judge Victor B. Kenton as to Eldridge Walker Jr: Reassigning case to Judge Ronald Lew . Eldridge Walker (1) count(s) 1, 2 arraigned and states true name as charged. Anthony Eaglin, S/A for Carl Gunn DFPD Attorney previously appointed & present. Plea not guilty entered by Eldridge Walker (1) count(s) 1 , 2 . Case is continued for trial at 9:00 a.m. on 7/6/04. Motions hearing set for 10:00 a.m. on 6/28/04. CS 5/24/04 (dmap) (Entered: 05/26/2004) |
| 05/24/2004 | 38 | STATEMENT OF DEFENDANT'S CONSTITUTIONAL RIGHTS filed as to Eldridge Walker Jr. (dmap) (Entered: 05/26/2004) |
| 05/24/2004 | 39 | Abstract of Court Proceeding filed as to Eldridge Walker Jr.. Defendant be provided with medical examination &/or medical treatment as needed. (dmap) (Entered: 05/26/2004) |
| 06/25/2004 | 46 | STIPULATION AND ORDER filed by Judge Ronald Lew as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Jeanette Slayton : Trial is continued to 9:00 am on 9/21/04. The time period from 7/6/04 to 9/21/04 is excludable 18:3161(h)(8)(A) & (B)(iv). (dmap) (Entered: 06/28/2004) |
| 06/25/2004 | | EXCLUDABLE DELAY FORM as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Jeanette Slayton (dmap) (Entered: 06/28/2004) |
| 08/23/2004 | 49 | Notice of motion and motion filed by Eldridge Walker Jr to suppress fruits of investigative detention; memo of p/a Returnable on: 9/13/04. (vc) (Entered: 08/24/2004) |

| | | |
|---|---|---|
| 08/26/2004 | 50 | EX PARTE APPLICATION filed by USA as to Eldridge Walker Jr for continuance of motions hearing date and extension of time to respond to dft Elridge Walker Jr's motion to suppress ; declaration of Jeffrey A. Backhus; Lodged order (vc) (Entered: 08/30/2004) |
| 08/31/2004 | 51 | ORDER filed by Judge Ronald Lew as to Eldridge Walker Jr : Granting ex parte application for continuance of motions hearing date and extension of time to respond to dft Elridge Walker Jr's motion to suppress fruits of investigative detention [50-1]. Motion to suppress hearing continued to 10:00 a.m., on 9/20/04 [49-1]. The government's oppositiont o the motion wll be filed on or before 9/7/04. (cc: all counsel) (ca) (Entered: 09/01/2004) |
| 09/10/2004 | 52 | SUBSTITUTION OF ATTORNEY filed as to Eldridge Walker Jr. Attorney Garo B Ghazarian substituting for attorney Carlton F Gunn for Eldridge Walker Jr Approved by Judge Ronald Lew . (vc) (Entered: 09/10/2004) |
| 09/10/2004 | 53 | STIPULATION AND ORDER filed by Judge Ronald Lew as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Jeanette Slayton: Continuing the jury trial date to 12/7/04 @ 9:00am, continuing the status conference/motion hearing date to 11/8/04, and for the purpose of computing time under the Speedy Trial Act, the time period starting from 9/21/04 to 12/7/04 should be deemed excludable. (es) (Entered: 09/13/2004) |
| 10/21/2004 | 55 | STIPULATION AND ORDER regarding continuance of trial date and excludable time periods under the Speedy Trial Act filed by Judge Ronald Lew as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Jeanette Slayton : The Court deems the period from 12/7/04 to 3/8/05, inclusive, an excludable period under 18:3161 and continues the trial in this matter to 3/8/05 at 9:00 a.m. and the Court will hear motions if filed on 2/14/05 at 10:00 a.m. (vc) (Entered: 10/22/2004) |
| 10/28/2004 | 56 | NOTICE OF HEARING as to Eldridge Walker Jr Continuing the Date of Motion to Suppress Fruits of Investigative Detention Hearing to 2/14/05 @ 10:00am , and Continuing the Trial Date to 3/8/05 for Eldridge Walker Jr (es) (Entered: 10/29/2004) |
| 11/24/2004 | 57 | EX PARTE APPLICATION filed by USA as to Eldridge Walker Jr to Submit Executed Page of the Declaration Previously Filed Unexecuted in Support of Suppression Motion Lodged Order (es) (Entered: 11/30/2004) |
| 12/13/2004 | 60 | RECEIPT for Transcripts of proceedings held on: 5/20/04 C/R: Terry Kramer. (ghap) (Entered: 12/14/2004) |
| 12/13/2004 | 61 | TRANSCRIPT filed for proceedings held on 5/20/04 as to Eldridge Walker Jr. (ghap) (Entered: 12/14/2004) |
| 01/26/2005 | 62 | STIPULATION AND ORDER filed by Judge Ronald Lew as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Jeanette Slayton : Trial is continued to 9:00 am on 6/14/05. Motion hearing set for 10:00 am on 5/16/05. Any motion shall fe filed on or berfor 4/25/05. Oppositions shall |

| | | be filed on or before 5/2/05. Replies Ioptional) shall be filed on or before 5/9/05. Excludable: XT (dmap) (Entered: 01/26/2005) |
|---|---|---|
| 02/22/2005 | 63 | APPLICATION FOR REVIEW OF ORDER Setting Conditions of Release/Detention, Pending Trial (18 U.S.C. 3142), and Order as to Eldridge Walker Jr . Detention hearing set for 2:00 p.m. on 3/14/05 for Eldridge Walker Jr before Magistrate Judge Victor B. Kenton (vc) (Entered: 02/22/2005) |
| 03/10/2005 | 64 | Government's opposition to defendant's motion for review of Magistrate's Pretrial detention order (vc) (Entered: 03/12/2005) |
| 03/14/2005 | 65 | MINUTES OF BAIL REVIEW HEARING held before Judge Ronald Lew as to Eldridge Walker Jr: Motion for bail is denied. (vc) (Entered: 03/15/2005) |
| 04/25/2005 | 67 | NOTICE OF MOTION AND MOTION filed by Eldridge Walker Jr in limine to exclude evidence of other crimes, arrests, wrong or bad acts under FRCRP 404(b) . Returnable on: 5/16/05 at 10:00am. (roz) (Entered: 04/27/2005) |
| 04/25/2005 | 68 | NOTICE OF MOTION AND MOTION filed by Eldridge Walker Jr to disclose the Identity of the Informant . Returnable on: 5/16/05 at 10:00am. (roz) (Entered: 04/27/2005) |
| 04/25/2005 | 69 | NOTICE OF SUPPLEMENT AND DEFENDANT WALKER'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES filed by Eldridge Walker Jr. (roz) (Entered: 04/27/2005) |
| 04/25/2005 | 70 | NOTICE OF MOTION AND MOTION filed by Eldridge Walker Jr in limine to exclude alleged co-conspirators' statements and co-defendant's statements . Returnable on: 5/16/05 at 10:00am. (roz) (Entered: 04/27/2005) |
| 04/25/2005 | 71 | NOTICE OF MOTION AND MOTION filed by Eldridge Walker Jr for discovery under Rule 16 of CRiminal Procedure . Returnable on: 5/16/05 at 10:00am. (roz) (Entered: 04/27/2005) |
| 04/25/2005 | 72 | NOTICE OF MOTION AND MOTION filed by Eldridge Walker Jr for specific discovery of intercepted communication . Returnable on: 5/16/05 at 10:00am. (roz) (Entered: 04/27/2005) |
| 04/25/2005 | 73 | NOTICE OF MOTION AND MOTION filed by Eldridge Walker Jr for a bill of particulars Returnable on: 5/16/05 at 10:00am. (roz) (Entered: 04/27/2005) |
| 05/09/2005 | 77 | STIPULATION AND ORDER filed by Judge Ronald Lew as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Jeanette Slayton: Mmotions hearing reset for 10:00 6/27/05 for Eldridge Walker Jr, for Pamela D Wilcher-Herron, for Gloria Jeanette Slayton; Jury trial reset for 9:00 8/16/05 for Eldridge Walker Jr, for Pamela D Wilcher-Herron, for Gloria Jeanette Slayton. Government's oppositions/motion due by 5/16/05; Optional replies/oppositions due by 6/6/05. Time period deemed excludable pursuant to18:3161 from 6/14/05 through 8/16/05. |

| | | |
|---|---|---|
| | | Excludable: XT (sv) (Entered: 05/11/2005) |
| 05/16/2005 | 78 | MEMORANDUM filed by USA as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Jeanette Slayton in opposition to motion for suppression of items seized from the defendant during investigative detention; request for evidentiary hearing [75-1], motion to suppress [66-1], motion to suppress [49-1] (sv) (Entered: 05/17/2005) |
| 05/16/2005 | 79 | RESPONSE filed by USA as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Jeanette Slayton to motion to compel the government to reveal the identity of the confidential informant [74-1] (sv) (Entered: 05/17/2005) |
| 05/16/2005 | 80 | MEMORANDUM filed by USA as to Eldridge Walker Jr in opposition to motion for a bill of particulars. [73-1] (sv) (Entered: 05/17/2005) |
| 05/16/2005 | 81 | MEMORANDUM filed by USA as to Eldridge Walker Jr in opposition to motion for discovery under Rule 16 of CRiminal Procedure. [71-1] (sv) (Entered: 05/17/2005) |
| 05/16/2005 | 82 | PARTIAL OPPOSITION filed by USA as to Eldridge Walker Jr to motion in limine to exclude alleged co-conspirators' statements and co-defendant's statements. [70-1] (sv) (Entered: 05/17/2005) |
| 05/16/2005 | 83 | RESPONSE filed by USA as to Eldridge Walker Jr to motion for specific discovery of intercepted communication. [72-1] (sv) (Entered: 05/17/2005) |
| 05/16/2005 | 84 | PARTIAL OPPOSITION filed by USA as to Eldridge Walker Jr to defendant Walker's motion to exclude evidence of other crimes, arreests, wrong or bad acts and Government's MOTION in limine to introduce evidence of defendant Walker's felpny convictions. Returnable on: 6/27/05, 10AM. (sv) (Entered: 05/17/2005) |
| 06/06/2005 | 86 | REPLY by Eldridge Walker Jr to government's opposition to Walker's motion in limine to exclude alleged co-conspirators' and co-defendants' statements. [82-1] (sv) (Entered: 06/07/2005) |
| 06/06/2005 | 87 | REPLY by Eldridge Walker Jr to government's opposition to motion for bill of particulars. [80-1] (sv) (Entered: 06/07/2005) |
| 06/06/2005 | 88 | REPLY by Eldridge Walker Jr to government's opposition to defendant Walker's motion to exclude other crimes, arrests iwrongs or bad avts under FRE, Rule 404(B). (sv) (Entered: 06/07/2005) |
| 06/06/2005 | 89 | REPLY by Eldridge Walker Jr to government's opposition to Walker's motion for discovery under FRCP, Rule 16. [81-1] (sv) (Entered: 06/07/2005) |
| 06/06/2005 | 90 | REPLY by Eldridge Walker Jr to government's opposition to defendant, Walker's motion to suppress evidence and statements. (sv) (Entered: 06/07/2005) |
| 06/10/2005 | 91 | NOTICE filed by Eldridge Walker Jr of error and corrected table of |

| | | |
|---|---|---|
| | | contents to previously filed reply to the government's opposition to defendant Walker's motion for discovery. (sv) (Entered: 06/13/2005) |
| 06/10/2005 | 92 | NOTICE filed by Eldridge Walker Jr of error and corrected table of contents and authorities of defendant's Walker's previously filed reply to the government's opposition to defendant Walker's motion in limine to exclude alleged co-conspirators and co-defendants statments. (sv) (Entered: 06/13/2005) |
| 06/10/2005 | 93 | NOTICE filed by Eldridge Walker Jr of error and corrected table of contents and authorities of of defendant Walker's previously filed reply to government's opposition to motion to suppress evidence and statements. (sv) (Entered: 06/13/2005) |
| 06/10/2005 | 94 | NOTICE filed by Eldridge Walker Jr of error and corrected table of contents of defendant Walker's previously filed reply to government's opposition to motion to exclude other crimes, arrests, wrong doings or bad acts under FRE, Rule 404(b). (sv) (Entered: 06/13/2005) |
| 06/22/2005 | 96 | MINUTES OF IN CHAMBERS HEARING held before Judge Ronald Lew as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Jeanette Slayton : On the Court's own motion, the below listed motions are continued from 6/27/05 to 6/30/05 at 10:00 a.m. C/R: not reported (vc) (Entered: 06/23/2005) |
| 06/30/2005 | 97 | ORDER granting late filing of reply to opposition to motion to suppress filed by Judge Ronald Lew as to Gloria Jeanette Slayton : granting motion for permission to file late reply to government's opposition to motion to suppress evidence [95-1] (cc: all counsel) (vc) (Entered: 07/01/2005) |
| 06/30/2005 | 99 | MINUTES OF MOTION HEARING held before Judge Ronald Lew as to Eldridge Walker Jr, Pamela D Wilcher-Herron and Gloria Jeanette Slayton: denied as to motion for suppression of items seized from the defendant during investigative detention and granted as to the request for evidentiary hearing [75-1] denying motion to compel the government to reveal the identity of the confidential informant [74-1] denying motion for a bill of particulars [73-1] granted in part and denied in part motion for discovery under Rule 16 of CRiminal Procedure [71-1] denying motion for specific discovery of intercepted communication [72-1] denying motion in limine to exclude alleged co-conspirators' statements and co-defendant's statements [70-1] denying motion to disclose the Identity of the Informant [68-1] granted in part and denied in part motion in limine to exclude evidence of other crimes, arrests, wrong or bad acts under FRCRP 404(b) [67-1] denying motion to suppress [66-1] granting join/joinder [76-1] and denied as to Walker's motion to suppress fruits of investigative detention. C/R: Kleeger. (sv) (Entered: 07/11/2005) |
| 08/09/2005 | 100 | STIPULATION AND ORDER REGARDING CONTINUANCE OF TRIAL DATE AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT filed by Judge Ronald Lew as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Slayton: Jury Trial continued to |

| | | 9/20/05 at 9:00am. For the purposes of computing time under the Speedy Trial Act, 19"3161 et seq., within which trial must commence: The time period of 8/16/05 through 9/20/05 should be deemed excludable pursuant to 18:3161(h)(8)(A) and 3161(h)(8)(B)(i). (roz) (Entered: 08/10/2005) |
|---|---|---|
| 08/25/2005 | 101 | ORDER denying defendants motions to suppress filed by Judge Ronald Lew as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Jeanette Slayton : denying motion to suppress [49-1] Accordingly, the suppression motions are denied in their entirety. (cc: all counsel) (vc) (Entered: 08/29/2005) |
| 08/25/2005 | 103 | ORDER Regarding Various Pre-trial Motions filed by Judge Ronald Lew as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Jeanette Slayton : MOTIONS TO DISCLOSE IDENTITY OF ANY INFORMANTS -DENIED ; DISCOVERY MOTION UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 16 - DENIED; MOTION FOR SPECIFIC DISCOVERY OF INTERCEPTED COMMUNICATION -DENIED; MOTION FOR BILL OF PARTICULARS - DENIED; MOTION TO EXCLUDE EVIDENCE OF WALKER'S OTHER CRIMES, ARRESTS, WRONGS, OR BAD ACT UNDER FEDERAL RULE OF EVIDENCE 404 (b) - DENIED; MOTION TO EXCLUDE C0-CONSPIRATORS AND CO-DEFENDANTS STATEMENTS - DENIED. (cc: all counsel) (vc) (Entered: 08/31/2005) |
| 08/31/2005 | 104 | ORDER filed by Judge Ronald Lew as to Gloria Jeanette Slayton : granting motion for change in terms and conditions of pretrial release be amended to allow her to work at Staff Managment in Kenosha, Wisconsin. All other terms and conditions are to remain as previously ordered. [102-1] (cc: all counsel) (vc) (Entered: 08/31/2005) |
| 08/31/2005 | 105 | STIPULATION AND ORDER regarding continuance of trial date and excludable time periods under speedy trial act; findings and order filed by Judge Ronald Lew as to Eldridge Walker Jr, Pamela D Wilcher-Herron, Gloria Jeanette Slayton : The time period from 9/20/05 through 10/25/05 is deemed excludable pursuant to 18:3161 (h)(8)(A) and 3161 (h)(8)(B) (i) and (B)(iv). Jury trial is continued in this matter to 10/25/5 at 9:00 a.m. (vc) (Entered: 09/01/2005) |
| 10/19/2005 | 109 | STIPULATION AND ORDER filed by Judge Ronald Lew as to Eldridge Walker Jr : It is ordered that the trial set for 9:00 am on 12/13/05. The time period form 10/25/05 through 12/13/05 is deemed excludable 18:3161(h)(8)(A) and (h)(8)(B)(i) and (B)(iv). Excludable: XT, XT1 and XT4. (dmap) (Entered: 10/24/2005) |
| 11/21/2005 | 113 | MINUTES OF CHANGE OF PLEA HEARING held before Judge Ronald Lew as to Eldridge Walker Jr: Defendant moves to change plea to the Indictment. Plea of guilty entered by Eldridge Walker (1) count(s) 1 . The Court questions the defendant regarding plea of guilty and finds it knowledgeable and voluntary and orders the plea accepted and entered. The Court refers Eldridge Walker Jr to the Probation Office for investigation and report. Sentencing hearing set for 10:00 a.m., on |

| | | 5/29/06 for Eldridge Walker Jr. Court orders counsel and defendant to return to Court at that time. C/R: Sheri Kleeger (ca) (Entered: 11/23/2005) |
| --- | --- | --- |
| 11/22/2005 | 110 | ORDER SEALING DOCUMENT filed by Judge Ronald Lew as to Eldridge Walker Jr., Pamela D Wilcher-Herron, Gloria Jeanette Slayton : (cc: all counsel) (ca) (Entered: 11/23/2005) |
| 01/10/2006 | 116 | CONCURRENCE with the presentence reports and statement of position regrding the sentences of defendant Slayton and defendant Wilcher-Herron filed by USA as to Eldridge Walker Jr., Pamela D Wilcher-Herron, Gloria Jeanette Slayton. (ca) (Entered: 01/17/2006) |
| 03/30/2006 | 119 | STIPULATION AND ORDER filed by Judge Ronald Lew as to Eldridge Walker Jr: Sentence hearing set for 6/26/06 at 10:00am. (roz) (Entered: 03/30/2006) |
| 06/09/2006 | 122 | STIPULATION AND ORDER by Judge Ronald S.W. Lew as to Defendant Eldridge Walker, Jr, Sentencing is CONTINUED from 6/26/2006 at 10:00 AM., to 8/28/2006 10:00 AM. (jp, ) (Entered: 06/12/2006) |
| 08/04/2006 | 128 | STIPULATION AND ORDER by Judge Ronald S.W. Lew as to Defendant Eldridge Walker, Jr, Sentencing continued to 10/16/2006 10:00 AM before Judge Ronald S.W. Lew. (ab, ) (Entered: 08/07/2006) |
| 08/22/2006 | 131 | MINUTES OF IN CHAMBERS ORDER by Judge Ronald S.W. Lew : the court is in receipt of Mr. Walker's letter dated 8-14-06, requesting to advance his sentencing back to 8-28-06; upon stipulation and good cause being shown, the court continued Mr. Walker's sentencing to 10/16/2006 10:00 AM; the court DENIES request before Judge Ronald S.W. Lew. Court Reporter: not present. (ab, ) (Entered: 08/23/2006) |
| 09/20/2006 | 139 | SEALED DOCUMENT - EX PARTE APPLICATION FOR ORDER SEALING DOCUMENT. (cbr, ) (Entered: 09/26/2006) |
| 09/20/2006 | 140 | SEALED DOCUMENT - ORDER SEALING DOCUMENT. (cbr, ) (Entered: 09/26/2006) |
| 09/20/2006 | 141 | SEALED DOCUMENT - GOVERNMENTS SENTENCING POSITION FOR DEFENDANT ELRIDGE WALKER, JR. (cbr, ) (Entered: 09/26/2006) |
| 10/10/2006 | 142 | SEALED DOCUMENT - DEFENSE EX PARTE APPLICATION For Order Sealing Document. (cbr, ) Modified on 10/11/2006 (cbr, ). (Entered: 10/11/2006) |
| 10/10/2006 | 143 | ORDER by Judge Ronald S.W. Lew as to Defendant Eldridge Walker, Jr, Granting EXPARTE APPLICATION to Seal[142]. The document sought to be filed under seal and defense ex parte application for sealed filing shall both be filed under seal. (cbr, ) (Entered: 10/11/2006) |
| 10/10/2006 | 144 | SEALED DOCUMENT - DEFENDANT WALKERS SENTENCING MEMORANDUM AND RESPONSE AND OBJECTIONS TO THE |

|            |     |                                                                                                                                                                                                                                                                                                                                                                                                                                                          |
|------------|-----|--|
|            |     | PRESENCE REPORT AND RESPONSE TO THE GOVERNMENTS POSITION, filed by Defendant Eldridge Walker, Jr. (cbr, ) (Entered: 10/11/2006) |
| 10/13/2006 | 145 | MINUTES OF IN CHAMBERS ORDER by Judge Ronald S.W. Lew : The Court hereby Continues defendants sentencing date from Monday, October, 16, 2006 to Monday, November 6, 2006, at 10:00 a.m. Court Reporter: None. (cbr, ) (Entered: 10/17/2006) |
| 11/03/2006 | 146 | MINUTES OF IN CHAMBERS ORDER by Judge Ronald S.W. Lew: On the Courts own motion, the sentencing in the above matter is continued from November 6, 2006, to November 9, 2006, at 10 am. Court Reporter: Not Present. (cbr, ) (Entered: 11/03/2006) |
| 11/09/2006 | 148 | MINUTES OF SENTENCING Hearing held before Judge Ronald S.W. Lew as to Defendant Eldridge Walker, Jr. Defendant Eldridge Walker, Jr (1), Count(s) 1, Bureau of Prisons for 51 Months. Special assessment of $100. All fines waived. Supervised release for 5 years. Defendant shall comply with the terms and conditions of the Probation Office and General Order 318. Count(s) 2, The governments motion to dismiss Count 2 of the Indictment and the underlying complaint is Granted by the Court.. Defendant advised of right of appeal. Court Reporter: Sheri Kleeger. (cbr, ) (Entered: 11/13/2006) |
| 11/09/2006 | 149 | JUDGMENT AND COMMITMENT by Judge Ronald S.W. Lew as to Defendant Eldridge Walker, Jr (1), Count(s) 1, Bureau of Prisons for 51 Months. Special assessment of $100. All fines waived. Supervised release for 5 years. Defendant shall comply with the terms and conditions of the Probation Office and General Order 318. Count(s) 2, The governments motion to dismiss Count 2 of the Indictment and the underlying complaint is Granted by the Court. Signed by Judge Ronald S.W. Lew. (cbr, ) (Entered: 11/13/2006) |
| 01/25/2008 | 153 | PROBATION FORM 12 as to Defendant Eldridge Walker, ORDER OF THE COURT by Judge Ronald S.W. Lew, modifying condition of supervision. (gk) (Entered: 01/25/2008) |
| 02/05/2008 | 154 | ORIGINAL AND COPY OF PROBATION FORM 22 sent to USDC, Northern District of Illinois at Chicago as to Defendant Eldridge Walker, Jr. (Attachments: # 1 PROB 22)(gk) (Entered: 02/08/2008) |
| 02/29/2008 | 155 | RECEIPT/ACKNOWLEDGEMENT OF PROB 22 document by Northern District of Illinois as to Eldridge Walker, Jr. (csl) (Entered: 03/03/2008) |
| 02/29/2008 | 156 | TRANSMITTAL LETTER RETURNED PROBATION FORM CR 22 sent to USDC Northern District of Illinois at Chicago as to Defendant Eldridge Walker, Jr. (csl) (Entered: 03/03/2008) |
| 03/31/2008 | 157 | ORDER RE: TRANSFER OF JURISDICTION filed by Judge Ronald S.W. Lew as to Defendant Eldridge Walker, as to Supervised Releasee Eldridge Walker. Case transferred to Northern District of Illinois (Chicago). (Attachments: # 1 CR-22 Transfer Out Letter) (gk) (Entered: |

| | | 04/02/2008) |
|---|---|---|

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/02/2008 12:50:01 | | |
| **PACER Login:** | us3877 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:04-cr-00566-RSWL |
| **Billable Pages:** | 7 | **Cost:** | 0.56 |

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|

| UNITED STATES OF AMERICA<br>v.<br><br>ELDRIDGE WALKER, JR.,<br>GLORIA JEANETTE SLAYTON, and<br>PAMELA D. WILCHER-HERRON | DOCKET NO. |
|---|---|
| | MAGISTRATE'S CASE NO.<br>4- **04 - 992M** |

**FILED**
CLERK, U.S. DISTRICT COURT

**APR 30 2004**

CENTRAL DISTRICT
BY LOCATION

| Complaint for violation of Title 21, United States Code §§ 846, 841(a)(1) | |
|---|---|

| NAME OF MAGISTRATE JUDGE<br>ROSALYN M. CHAPMAN | UNITED STATES<br>MAGISTRATE JUDGE | Los Angeles, CA |
|---|---|---|

| DATE OF OFFENSE<br>April 29, 2004 | PLACE OF OFFENSE<br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

Beginning on a date unknown, and continuing to on or about April 29, 2004, in Los Angeles County, within the Central District of California and elsewhere, defendants ELDRIDGE WALKER, JR., GLORIA JEANETTE SLAYTON, and PAMELA D. WILCHER-HERRON, and others known and unknown, conspired and agreed with each other to knowingly and intentionally (a) possess with intent to distribute and (b) distribute more than five (5) kilograms, namely approximately six kilograms of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>Robert E. Lee |
|---|---|
| | OFFICIAL TITLE<br>Special Agent |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1) | DATE<br>April 30, 2004 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.

AUSA: William Crowfoot                    REC: Detention

I hereby attest and certify on ____
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

By _____ Deputy

ENTER ON ICMS

MAY - 4 2004

## A F F I D A V I T

I, Robert E. Lee, being duly sworn, hereby depose and say:

1.    I am a Special Agent ("SA") for the United States Department of Justice Drug Enforcement Administration ("DEA"), and have been so employed for approximately four (4) years. Prior to my employment with the DEA, I was employed as a Police Officer for the City of Clyde Hill, Washington, for approximately four and one half (4.5) years.  While serving as a Police Officer, I received training in identification of illegal drugs and made numerous arrests for violations involving controlled substances.  Currently, as a Special Agent with the DEA, I have been involved in investigations of individuals involved in the illegal trafficking of controlled substances.  While employed with the DEA, I received seventeen (17) weeks of training at the DEA Academy in Quantico, Virginia, which provided me with a background and basis of knowledge relating to the investigation of drug-related crimes, including training on how controlled substances are consumed, manufactured, packaged, marketed, and distributed.  I also received sixteen (16) weeks of individual training from a Senior Special Agent once I arrived at the Los Angeles Field Division of the DEA.  I am currently assigned to the Los Angeles International Airport ("LAX") Narcotics Task Force, where I investigate the transportation of narcotics through the airport.

2.    As a DEA Special Agent, I have participated in numerous arrests and investigations involving violations of narcotics laws.  I have participated in numerous narcotics investigations, including physical surveillance, execution of arrest warrants and consent searches, and in the arrests of numerous drug traffickers.  I have interviewed many purchasers and sellers of various controlled substances.  I have also received advanced training in various aspects of narcotics law enforcement from the DEA.  Based on this experience and training, I have become knowledgeable with the methodology used in narcotics trafficking operations, trafficking patterns employed by narcotics organizations, and their patterns of drug distribution.  In particular, I have become knowledgeable with methods used in narcotics trafficking to transport drugs and/or money whereby low-level couriers are used to carry drugs or money or both onto airplanes under the supervision of another person who generally will not be carrying any contraband and whose supervision of the couriers is sometimes, but not always, unknown to the couriers.

3.    This affidavit is made in support of a criminal complaint charging ELDRIDGE WALKER Jr. ("WALKER"), GLORIA JEANETTE SLAYTON ("SLAYTON"), and PAMELA D. WILCHER-HERRON ("WILCHER"), with Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and

841(a)(1).

4.    The facts set forth in this affidavit are based on my personal observations, my training and experiences, and, as specifically attributed below, information obtained from other law enforcement officers, agents and other witnesses.  This affidavit is intended to show that there is probable cause for the requested complaint and does not purport to set forth all of my knowledge of, or investigation into, this matter.

5.    On April 29, 2004, at approximately 3:20 p.m., DEA Special Agents Amin Anbiai-Fard, Armett Johnson, George Lyton, Daniel Borowick and Los Angeles Sheriff's Department Detective ("Det.") Mark Montoya consensually encountered WALKER, SLAYTON and WILCHER at LAX Terminal One, 100 World Way, Los Angeles, California.  SA Anbiai-Fard and Det. Montoya talked with WALKER at the check-in line of Southwest Airlines.  SA Borowick spoke with SLAYTON and SA Lyton spoke with WILCHER, in each case on the outside upper level curbside near the Southwest Airlines check-in area.  WALKER, SLAYTON and WILCHER had been under surveillance by the DEA Los Angeles International Airport Taskforce beginning on April 28, 2004, at approximately 12:00 p.m., at the Ramada Plaza, a hotel located at 1633 Bristol Park Way, Culver City, California.

6.    On April 29, 2004, SA Borowick and Lyton conducted surveillance at the previously mentioned Ramada Plaza hotel and

-3-

observed WALKER, SLAYTON and WILCHER depart the hotel into a
Ramada Plaza shuttle van and depart for the Los Angeles
International Airport.  SA Borowick and Lyton surveilled WALKER,
SLAYTON and WILCHER depart the van on the departure area outside
LAX Terminal 1 by Southwest Airlines.  Upon walking out of the
van, WALKER immediately distanced himself from the two females,
retrieved his bag from the baggage area at the back of the van
and went to check himself in inside the Southwest Airlines,
Terminal 1.  The two females went to check themselves in curbside
outside Southwest Airlines, Terminal 1, and checked in their bags
except for one carry-on apiece.  As stated above, these three
individuals were consensually encountered shortly after arriving
at the airport.

7.    Det. Montoya described to me his consensual encounter
with WALKER.  Det. Montoya asked WALKER what he was doing in Los
Angeles.  WALKER stated that he was here to meet friends and was
flying back early.  Det. Montoya observed that his ticket to
Chicago was dated for April 30, 2004.  Det. Montoya asked if he
was traveling alone and WALKER stated that he was traveling by
himself.  Unprompted WALKER stated "Go ahead search my bags" to
Det. Montoya.  Det. Montoya then asked WALKER if he and any
contraband, guns, knives, needles, any illegal narcotics or any
money and WALKER said "No."  Det. Montoya asked if there was
anything on him that he should know about and WALKER stated that

-4-

he had $2,000.00 inside his pocket and another $300.00 in his wallet. WALKER stated that he had stayed at the Ramada "up the road" and that he had traveled to the Los Angeles International Airport on the hotel shuttle alone. Det. Montoya told WALKER that WALKER was followed to the airport and that he was with two females who were being talked with outside the airport. WALKER responded "I met the girls because I was trying to pick-up one of them." Det. Montoya asked where he met the females and WALKER stated that he met them at the hotel. Det. Montoya asked if he was hanging around the females and WALKER stated that he was not. Det. Montoya told WALKER that he was observed when he went to dinner with the females the previous evening. WALKER stated that he went with the females to dinner. Det. Montoya asked why he had lied to him about the females and WALKER stated that he did not know that Det. Montoya and SA Anbiai-Fard "knew so much." WALKER then asked if he could go and Det. Montoya that he was not yet free to leave due to his lies. WALKER sat down on a bench as SA Anbiai-Fard and Det. Montoya searched WALKER's large black suitcase and a shopping bag. Det. Montoya went outside to speak with the other investigators. SA Anbiai-Fard told me that WALKER stated to SA Anbiai-Fard that he was on vacation and business and that he works in real-estate. WALKER then stated to SA Anbiai-Fard that he works in real-estate but that he did not have a license.

8.    SA Lyton described to me his consensual encounter with WILCHER. SA Lyton initiated a consensual encounter with WILCHER asking if he could talk to her and WILCHER responded that it was "Okay." SA Lyton asked if WILCHER had identification and WILCHER showed him an Illinois driver's license. SA Lyton asked if WILCHER had any narcotics, contraband or any large sums of money on her and WILCHER stated "No." WILCHER stated that she works at Kendrick Hospital in Chicago and that she spent two days looking into working at Kendrick Hospital in Burbank, California. WILCHER stated that she spent the rest of the time shopping. WILCHER stated that she stayed at the Ramada in Culver City, California, and that she used her credit card to pay for her room. WILCHER pointed to a red pull-a-long suitcase and SA Lyton asked if he could search her person and her bags and WILCHER stated "yes, go ahead." SA Lyton asked how much money she had on her and WILCHER stated about $300.00 on her. SA Lyton asked if she was ever arrested before and WILCHER stated that she had not. SA Lyton searched the suitcase, the shopping bag, and a purse and did not find any money or any contraband.

9.    SA Borowick described to me his consensual encounter with SLAYTON. SA Borowick approached SLAYTON, identified himself as a DEA Taskforce member, currently working at the LAX and asked if he could speak with her to which SLAYTON stated "No problem". SA Borowick asked her the nature of her travel to Los Angeles,

whether business or pleasure, SLAYTON responded it was for pleasure. SLAYTON further stated that she has been here since Monday and was leaving with "Pamela" and "Eldridge". SLAYTON stated that she was here to see family who reside in the Los Angeles area. SA Borowick asked her the names of these people and where they live in the LA area. SLAYTON replied that "they are just family and I don't know where they live." SLAYTON also stated that she had paid for her hotel room and plane ticket in cash. SLAYTON stated that "Pamela" was just a friend and that "Eldridge" was just a friend and that she did not have any type of relationship with him. SA Borowick asked whether she had packed her bags, to which she replied "Yes." SA Borowick asked whether she had any narcotics or large amounts of money on her person or in her bags and SLAYTON stated "No" and that she had approximately $50.00 in her possession. SA Borowick asked whether or not she had ever been arrested and SLAYTON stated "No." SA Borowick asked for permission to search her bags and SLAYTON stated "Yes." SA Borowick searched the bags and met with negative results for any narcotics or contraband.

10. WILCHER and SLAYTON then walked inside Terminal 1 and went through the magnetometers. SA Borowick met and spoke with Airport Police Officer Shauna Smith #01485 and expressed the need of her aid in this investigation. SA Borowick subsequently located WILCHER and SLAYTON sitting at a dining table in the

vicinity of the California Pizza Kitchen restaurant at Terminal 1. SA Borowick told me that he and SA Lyton then encountered WILCHER and SLAYTON at this dining table and SA Borowick explained to WILCHER AND SLAYTON that he would like to conduct a follow up investigation with the aid of a female police officer. WILCHER and SLAYTON agreed to accompany SA Borowick and SA Lyton to a private room located on the upper floor of Terminal 1. Officer Smith subsequently met with SLAYTON and conducted a search of the person of SLAYTON. This search revealed three white rectangular shaped bricks and three rubber band and saran wrapped bundles of an undetermined amount of money. While SLAYTON was being searched in the other room, SA Borowick spoke with WILCHER in the presence of SA Lyton and asked her if either WILCHER or SLAYTON had any narcotics on their person. WILCHER stated "No". SA Borowick asked WILCHER if she had a heart problem and/or a medical condition. WILCHER stated "No." SA Borowick told WILCHER the reason that he had asked was because during the time while SLAYTON was being searched, WILCHER's face had become severely covered with sweat. SA Borowick asked again if either WILCHER or SLAYTON had any contraband, to which WILCHER looked down at her shoes for about fifteen seconds, became silent and then slowly looked up at SA Borowick, face even more covered with sweat and responded "no." At this time DEA Group Supervisor Randall Davis walked out of the room where SLAYTON was searched

-8-

with SA Johnson and SLAYTON.  SA Borowick was advised that
SLAYTON was under arrest for possession of cocaine.  Officer
Smith then conducted a search of WILCHER and discovered three
white rectangular brick shaped objects and three saran wrapped
and rubber band wrapped bundles of an undetermined amount of
currency.  SA Borowick subsequently retrieved these objects.  SA
Borowick and SA Lyton had subsequently put WILCHER under arrest
for the possession of cocaine.  SA Borowick told me that at about
this time Det. Montoya placed WALKER under arrest.

11.  SA Borowick told me that shortly after WALKER, SLAYTON
AND WILCHER were arrested, a sample was taken from one of each
set of three white rectangular brick shaped objects that were
found on SLAYTON and WILCHER.  SA Anbiai-Fard took the samples
and field-tested them.  Both field tests were positive for
cocaine as witnessed by SA Anbiai-Fard and SA Steve Vo.

12.  SA Borowick told me that in post Miranda questioning
WILCHER told SA Borowick that she came to Los Angeles to look
into working at the hospital but that after she was in Los
Angeles she was offered $500.00 to transport something to
Chicago.  WILCHER stated that after she agreed, she received a
bag containing the cocaine and money and that she strapped it to
her body.  WILCHER said that she did not know where the cocaine
came from or who contacted her by telephone to ask her to
transport it.

-9-

13.  SA Brad Clemmer told me that, after the arrest of WALKER, WILCHER and SLAYTON, SA Lyton and SA Clemmer went to the Ramada Plaza hotel and obtained the trash which had been removed that day from rooms 720 and 722.  Rooms 720 and 722 were adjoining and the trash was co-mingled when it was removed.  In the trash was an empty box of plastic storage bags and an empty box of saran-wrap along with miscellaneous pieces of papers.  SA Lyton and SA Clemmer knew from room records that Room 720 had been occupied by WILCHER and room 722 has been occupied by WALKER.  SLAYTON had occupied room 1217.

14.  SA Anbiai-Fard told me that on April 30, 2004, he went to the Ramada Plaza hotel and was informed by hotel staff that WALKER had paid the bills for rooms 720, 722 and 1217 in cash. SA Anbiai-Fard was also told by hotel staff that WALKER, accompanied by and numerous different females, including specifically, WILCHER, has stayed at the hotel for short durations frequently during the last three years.  Hotel staff also told SA Anbiai-Fard that the credit card that was used to reserve the hotel rooms was the same credit card that WALKER used to rent the car that WALKER, WILCHER and SLAYTON were observed to be using during their stay in Los Angeles this week. at the hotel.

15.  I made a check of the passenger name record from Southwest Airlines.  The check revealed that WALKER and SLAYTON

were on the same reservation booked through Cleveland Aarco

Travel of Chicago, Illinois.  The joint reservation indicated

that they flew to Los Angeles from Chicago on April 26, 2004 and

were to return on April 30, 2004.  An amended reservation for

SLAYTON indicated that she flew to Los Angeles from Chicago April

26, 2004 and was to return on April 29, 2004.  The passenger name

record from Southwest Airlines revealed that WILCHER also booked

her reservation through Cleveland Aarco Travel of Chicago,

Illinois.  WILCHER's reservation indicated that she flew to Los

Angeles from Chicago on April 26, 2004, and was to return on

April 29, 2004.

      16.  I reviewed the results of a criminal history check for

WALKER from the State of Illinois and found that it includes

several drug arrests, with at least one arrest specifically for

manufacturing or delivery of cocaine, and one weapons charge.

CONCLUSION

      17.  Based on the above facts and my knowledge, training and

experience, I submit that there is probable cause to believe that

beginning on a date unknown and continuing to on or about April

29, 2004, WALKER, WILCHER and SLAYTON conspired and agreed with

each other to knowingly and intentionally (a) possess with intent

to distribute and (b) distribute more than five (5) kilograms of

a mixture or substance containing a detectable amount of cocaine,

a schedule II controlled substance, in violation of Title 21,

United States Code, Sections 841(a)(1) and 846.

                                    Robert Lee
                                    Special Agent
                                    Drug Enforcement Administration


Subscribed and sworn to me before me

On this _36th_ day of April 2004.



UNITED STATES MAGISTRATE JUDGE

-12-

I hereby attest and certify on 4|3|08
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

By _____ Deputy

0101

P SEND
ENTER
JS 3

**United States District Court**
**Central District of California**

| | |
|---|---|
| UNITED STATES OF AMERICA vs. | Docket No. **CR 04-566-RSWL** |

ENTERED
RK, U.S. DISTRICT COURT

**Defendant** ELRIDGE WALKER, JR.

Walker Eldrige; Elride Walker; Eldridge E.
Walker; Eldridge Walker; Eldrige Walker; Elridge
E. Walker; Elridge J. Walker; Eldrige J. Walker;
akas: Alridge Walker

Social Secu

(Last 4 digit

NOV 1 3 2006

CENTRAL DISTRICT OF CALIFORN
BY _____ DEPU

---

## JUDGMENT AND PROBATION/COMMITMENT ORDER

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | **11** | **09** | **06** |

| **COUNSEL** | [X] **WITH COUNSEL** | GARO GHAZARIAN, RETAINED |
|---|---|---|
| | | (Name of Counsel) |

| **PLEA** | [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea. | [ ] **NOLO CONTENDERE** | [ ] **NOT GUILTY** |
|---|---|---|---|

| **FINDING** | There being a finding/verdict of [X] **GUILTY,** defendant has been convicted as charged of the offense(s) of: |
|---|---|

Count 1: Conspiracy to Possess with Intent to Distribute a Controlled Substance (21 USC 846, 841(a)(1))

| **JUDGMENT AND PROB/ COMM ORDER** | The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed on Count One of the Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of **FIFTY-ONE (51) MONTHS.** |
|---|---|

IT IS ORDERED that the defendant shall pay to the United States a special assessment of $100, which is due immediately.

Pursuant to U.S.S.G. Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years under the following terms and conditions:

1.    The defendant shall comply with the rules and regulations of the Probation Office and General Order 318;

2.    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

3.    The defendant shall participate in an outpatient substance abuse treatment and counseling program that include urinalysis, saliva and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using illicit drugs, alcohol, and abusing prescription medications during the period of supervision;

149

USA vs.   ELRIDGE WALKER, JR.                              Docket No.:   CR 04-566-RSWL

4.   During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment and counseling program approved by the U.S. Probation Office, that include urinalysis, saliva and/or sweat patch testing for treatment of narcotic addiction or drug dependency, until discharged by the Program Director;

5.   As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug dependency/alcohol dependency to the aftercare contractor during the period of community supervision, pursuant to 18 USC 3672.   The defendant shall provide payment and proof of payment as directed by the Probation Officer;

6.   During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment; and,

7.   The defendant shall cooperate in the collection of a DNA sample from the defendant.

The Court recommends the defendant be housed at FCI, Oxford, Wisconsin. The government's motion to dismiss Count 2 of the Indictment and the underlying complaint is GRANTED by the Court. The defendant is notified of his limited right to appeal within 10 days of today's date.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

_November 9, 2006_
Date

_Ronald S.W. Lew_
Senior, U. S. District Judge RONALD S.W. LEW

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

_November 9, 2006_
Filed Date

By    KELLY DAVIS
      Deputy Clerk

USA vs.  ELRIDGE WALKER, JR.                                    Docket No.:  CR 04-566-RSWL

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1.  The defendant shall not commit another Federal, state or local crime;
8.  the defendant shall not leave the judicial district without the written permission of the court or probation officer;
9.  the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
10.  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
11.  the defendant shall support his or her dependents and meet other family responsibilities;
12.  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
13.  the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
14.  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
15.  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

16.  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
17.  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
18.  the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
19.  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
20.  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
21.  the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
22.  and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

USA vs.   ELRIDGE WALKER, JR.                              Docket No.:   CR 04-566-RSWL

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____        By _____
Date                               Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

USA vs.  ELRIDGE WALKER, JR.                              Docket No.:   CR 04-566-RSWL

Clerk, U.S. District Court

_____          By  _____
Filed Date                                    Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
              Defendant                                                    Date

              _____          _____
              U. S. Probation Officer/Designated Witness             Date